**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00171-CR
NO. 09-23-00172-CR
NO. 09-23-00173-CR
NO. 09-23-00174-CR
_____

**JUSTIN GREGORY SONNIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. F14-19349, F14-20535,**
**F16-24873 and F16-25352**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Justin Gregory Sonnier in four cases for delivery of a controlled substance, namely cocaine, and the indictment included two enhancement paragraphs alleging prior felony convictions.[1] *See* Tex. Health &

_____

[1] Two indictments alleged offenses that occurred on two different dates in 2013 for the delivery of cocaine in an amount less than 1 gram. The other two

Safety Code Ann. § 481.112(b), (c). Sonnier pleaded "guilty" in all four trial cause numbers pursuant to a plea bargain agreement, and the trial court signed an Order of Deferred Adjudication as to guilt. In two trial cause numbers, the trial court placed Sonnier on community supervision for eight years and assessed a $1,000 fine in each cause. In the other two trial cause numbers, the trial court placed Sonnier on community supervision for ten years and assessed a $500 fine in each cause.

The State filed motions to revoke in all four trial cause numbers, alleging the same six violations of the terms of Sonnier's community supervision. At a hearing on the motions, Sonnier pleaded "true" to four of the allegations pursuant to an open plea agreement with the State to abandon two of the alleged violations. The trial court found the evidence sufficient to find the allegations true, revoked Sonnier's community supervision, adjudicated Sonnier's guilt, and sentenced Sonnier to twenty years in prison in each trial cause number, with the sentences to run concurrently. Sonnier appealed.

On appeal, Sonnier's court-appointed attorney filed briefs stating that he has reviewed the record in each case and, based on his professional evaluation of the records and applicable law, there are no arguable grounds for reversal in any of the four cases on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*,

indictments alleged offenses that occurred on a single date in 2015—one for the delivery of cocaine in an amount less than 1 gram, and the other for the delivery of cocaine in an amount greater than 1 gram but less than 4 grams.

573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Sonnier to file a pro se brief, and we received a pro se response from Sonnier.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a pro se brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record in all four cases, counsel's briefs, and Sonnier's pro se response, and we have found nothing that would arguably support an appeal in any of the four cases. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it

3

unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on March 14, 2024
Opinion Delivered March 27, 2024
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[2] Sonnier may challenge our decision in these cases by filing petitions for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.